MOSES CATLIN vs. WILLIAM D. KIDDER.

The possession of a tenant in common is not presumed to be *adverse* to his co-tenant, until proved so to be.

Pernancy of profits for a length of time, especially if short of the statute of limitations, will not make the possession of a tenant in common adverse, or amount to an ouster of his co-tenant.

The tenant of a tenant in common is not estopped from purchasing the title of the other tenants in common ; nor are their deeds to him, while in possession, void.

This was an action of ejectment for a lot of land in Colchester, known as the Hollister lot. On the trial, the plaintiff read in evidence a deed, dated May 24, 1814, from Bartholomew and Speedy Belden, of all the right they had to said lot, in the right of said Speedy, as sister and heir of Eunice Hollister. The defendant read five deeds, purporting to be from other heirs of said Eunice, conveying the other two thirds of said lot, and also the deposition of the said Speedy Belden, showing that the said grantors were the heirs of said Eunice Hollister. The plaintiff proved that he entered upon the land in 1817, (not fifteen years before the commencement of this action,) and cleared a part, and made improvements from year to year, until 1830;—that in 1823, one Carpenpenter was on, as tenant to the plaintiff, of part of said land, and conveyed to Burnham, who, by sundry conveyances, conveyed to the defendant, in 1830, who went into possession. The plaintiff also read in evidence a deed from said Bartholomew and Speedy Belden to the defendant, dated June 18, 1831.

Plaintiff insisted, that having entered on the land under a claim of title, and having had the exclusive possession, this possession was adverse, and he had acquired title to said lot;—that the de-

CHITTENDEN,
January,
1835.

Catlin
vs.
Kidder.

fendant, having purchased in the title of Carpenter, was tenant to the plaintiff, and was not at liberty either to dispute the title of Catlin, or to purchase in an outstanding title, if any existed, and that the deeds read by the defendant were void by the adverse possession of the plaintiff. The court decided, that if Catlin was the owner of one undivided part of the land, his possession was not adverse by reason of his exclusive possession, and that before his possession could be considered adverse, there must be such an ouster as would enable the other tenants in common to maintain ejectment against the plaintiff; and without such adverse possession, the statute of limitation did not begin to run; and that the deeds read by the defendant were not to be avoided; that it was competent for the defendant to purchase in an outstanding title, and that so far as his title covered the land, he might hold it. Under this charge, the jury returned a verdict for one third of said lot; and the plaintiff having filed exceptions, the cause comes to this court for revision.

*C. Adams for the plaintiff.*—1. The exclusive possession of Catlin, under a claim to the whole interest in the land, was of itself an adverse possession, and the court should so have charged the jury; or it was evidence from which the jury might infer that it was adverse, and the jury should have been permitted to weigh these presumptions and pass upon the fact.—*Fisher et al.* vs *Prosser*, Cow. 217.

2. The possession of a party entering upon land is characterized by the claim to the land. If the claim is to an undivided part, the inference of law is, that he enters for himself and co-tenants; whereas, if the claim is to the whole land, the presumption of law is, that the possession is adverse.—*Fisher et al.* vs. *Prosser. Shumway* vs. *Holbrook*, 1 Pick. 114.

3. If the possession of Catlin was adverse, the statute of limitations has run upon the claims of those under whom defendant holds; and not only so, but the deeds to the defendant are avoided.

4. Catlin having become seized of the land, and having obtained the exclusive, peaceable possession, had a right to resist the entry of all others, and to put them to the legal proofs of their claims upon the land.

5. Kidder, by purchasing in the title of Carpenter, who was tenant to Catlin, thereby assumes the relation of tenant to Catlin, and as such, has no right to dispute the title of Catlin, his landlord, nor to purchase in a paramount title, if any existed. Kidder cannot claim any other or greater right than Carpenter, but must re-

CHITTENDEN,
January,
1835.

Catlin
vs.
Kidder.

turn to Catlin the peaceable possession which was received from him ; and if he has any claim to the land, must be driven to his action subsequent to his surrendering to Catlin.—*Blake* vs. *Howe*, 1 Aiken, 306.

*Lyman and Marsh for defendant.*—1. The possession of a tenant in common is always presumed to be not adverse to his co-tenants, unless the contrary appears ; and mere pernancy of the profits, for any length of time, will not render the possession adverse.—*Jackson* vs. *Tibbets*, 9 Cowen, 241. *Clapp* vs. *Brougham*, do. 530.

The case does not show that plaintiff ever claimed the entire estate, but that he entered under a release from a co-tenant of the defendant's grantors, which purported to convey, not the *lands*, but the grantor's *interest therein* only.

There was then no evidence from which the jury would be authorized to infer that the possession was adverse, and therefore the deeds to defendant were not, for that cause, void.

2. But it is said, that the defendant is estopped to deny Catlin's title, or to buy in an outstanding, adverse claim, because he has taken a release from one claiming under Catlin's lessee. The defendant does *not* deny the title of the plaintiff, so far as the plaintiff asserted it himself, to the share of Speedy Belden, and the estate acquired appears to have been not adverse to, but consistent with, Catlin's title. The position, therefore, is a mere *petitio principii*.

The opinion of the court was delivered by

COLLAMER, J.—It seems that Eunice Hollister died seized of the lot in question, leaving three sisters, heirs. In 1814, one of those sisters conveyed, not the land, but with her husband conveyed her interest in this lot to the plaintiff. The plaintiff, in 1817, went into possession, and by himself and tenants, one of whom was this defendant, continued possession until this suit, in 1831. In 1830, the other heirs of said Hollister conveyed their interest to the defendant. The main question in the case is, what was the nature of the plaintiff's possession ? No man, taking possession of land, is presumed to be a trespasser. If he has a deed on record, that gives character or color to his possession, both as to its nature and extent ; and he is presumed to possess according to his right, which, in this case, would be of an undivided third, in right of himself and his co-tenants. The case is entirely destitute of any proof, any ouster of the co-tenants, or any holding adverse to them. There

has been no period when they could have maintained ejectment against the plaintiff, and of course the statute of limitations has not commenced running against them. In the case of *Fisher et al.* vs. *Prosser*, (Cow. 217) there was such a great lapse of time, and other circumstances, that it was left to the jury to presume an ouster, which they found, as a matter of fact. Here no such circumstances existed to leave to the jury.

*Chittenden, January, 1835.*
*Catlin vs. Kidder.*

The defendant was tenant to the plaintiff, but he was tenant only of what the plaintiff was owner, that is, an undivided third part. It was therefore as competent for him, as for any other person, to purchase the other two thirds. This was not at war with his tenancy, or inconsistent with the relationship he sustained to the plaintiff, and the plaintiff not being in adverse possession of those parts, the deeds to the defendant were not void. But the defendant having taken and set up a deed from Belden of the third which the plaintiff owned and possessed, this was such an act of war in a tenant as amounted to an ouster of his landlord, and therefore entitled the plaintiff to sustain this action and recover for the part he owned.

Judgment affirmed.